# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                        )
                                        )
**RICHARD HOAG,**                       )
         **Plaintiff,**                 )
                                        )
    **v.**                              )          **CIVIL ACTION**
                                        )          **NO. 15-40089-TSH**
**ROGER C. HALL, MELISSA M. HALL,** )
**STEWARD MEDICAL GROUP, INC.,**    )
**ALICIA CASEY, and**                   )
**ST. ELIZABETH's MEDICAL CENTER,)**
         **Defendants.**                )
                                        )
_____)


## ORDER
### September 10, 2015


**HILLMAN, D.J.**

### Background

   Richard Hoag has filed suit against Roger C. Hall, Melissa M. Hall, Steward Medical

Group, Inc., Alicia Casey and St. Elizabeth's Medical Center, alleging claims for false arrest,

false imprisonment, intentional infliction of emotional distress and medical abuse arising out of

the Defendants medicating him against his will and/or contacting the Falmouth police

department for purposes of having him forcibly detained. This Order addresses Hoag's Motion

for Appointment of Counsel (Docket No. 34).   For the reasons set forth below, that request is

denied.

## Discussion

Hoag requests that counsel be appointed to represent his interests in this matter. There is no constitutional right to counsel in civil cases. *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam); citing *Andrews v. Bechtel Power Corporation and Local 276, Plumbers and Pipefitters Union*, 780 F.2d 124, 137 (1st Cir. 1985).   This Court's "Plan for the Appointment of Counsel for Indigent Parties in Certain Civil Cases" effective May 1, 2009, provides: "The objective of this Plan for Appointment of Counsel for Indigent Parties in Certain Civil Cases (Plan) is to facilitate the appointment of pro bono counsel for indigent pro se parties." *Id.* at 1. In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See Desrosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991).   To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *Id.*

First, in order to be eligible for *pro bono* counsel, Hoag needed to demonstrate that he is indigent by filing a financial affidavit disclosing all of his assets and income. Although Hoag has not filed a formal affidavit, the Court will accept the representations he has made in his motion regarding his financial status[1]  and will assume that he is indigent. The question now becomes

---

[1] Hoag sates that he is retired and disabled and his only source of income are disability payments totaling less than 1,800.00 per month.   He further represents that he has no savings and has expenses which include medical treatments and procedures.

whether Hoag has established that *exceptional* circumstances exist which warrant the appointment of pro bono counsel.   I

n support of his motion, Hoag represents that he has contacted a number of legal aid and lawyer referral services, but has been unable to find representation due to budgetary concerns and the legal complexities of his case. He asserts that he has a right to due process, including a fair hearing which he is unlikely to receive in this matter because a number of the Defendants have previously provided false and misleading statements and information in this case.   Without prejudging the viability of Hoag's claim, the Court must consider the complexities and merits of his case.   Hoag has asserted several state law tort claims against the Defendants. While his claims are not necessarily run of the mill, they are not particularly complex, even for a non-lawyer. Furthermore, given the nature of his claims, there is a strong likelihood that his case will be dismissed for lack of subject matter jurisdiction given that there is a lack of diversity of citizenship among the parties and he has not alleged any federal claims.[2]   Indeed, a motion to dismiss for lack of subject matter jurisdiction is currently pending. Moreover, the fact that he is unable to find counsel to represent him, is unskilled in the law, and believes that the Defendants are not being truthful or forthcoming regarding his case, are not unique.   Indeed, many *pro se* litigants present the same difficulties in prosecuting their cases. *See Amary v. JPMorgan Chase Bank, N.A.*, No. CIV.A. 12-10777, 2013 WL 5437040, at *2 (D.Mass. Sept. 24, 2013).   Simply

---

[2] Because Hoag is proceeding *pro se*, this Court must construe his pleadings liberally.   However, even if this Court construes his Complaint as asserting a federal civil rights claim against the Defendants under 42. U.S.C. § 1983, it is unlikely that such a claim could go forward given that based on the allegations contained therein, the Defendants are not government entities, employees or agents, that is, they were not operating under color of state law.

put, Hoag has failed to present the type of exceptional circumstances which would justify the expenditure of scarce *pro bono* resources. Therefore, his motion to appoint counsel is denied.

## **Conclusion**

The Motion for Appointment of Counsel (Docket No. 34 is ***denied***.

/**s**/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**UNITED STATES MAGISTRATE JUDGE**